# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARLON LAMONT DAVIS, | ) | |
| | ) | **ORDER,** |
| Petitioner, pro se, | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 1:10CV963 |
| | ) | 1:08CR37-1 |
| Respondent. | ) | |

Petitioner Marlon Lamont Davis, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 46).[1] Petitioner was indicted on, and later pled guilty to, a single count of possession of a firearm in commerce after a felony conviction in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) (docket nos. 1, 12, 14). Petitioner was originally sentenced to 180-months imprisonment (docket no. 22), but this term was later reduced to 126 months (docket no. 45). Petitioner did pursue a direct appeal, but it ended unsuccessfully (docket nos. 38, 39). Petitioner then filed his current motion, which he later sought to amend (docket no. 50).[2] Respondent has filed a response to both the original and amended motion (docket no. 51), Petitioner has filed a reply (docket no. 53), and the Section 2255 motion, as amended, is now before the court for decision.

---

[1] This and all further cites to the record are to the criminal case.

[2] The motion to amend will be granted, and Petitioner's amended claim will be considered.

**Claims**

Petitioner raises two claims in his original motion, both of which are based on allegations of ineffective assistance of counsel. The first claim is that counsel improperly advised Petitioner to agree to a factual basis which later foreclosed him from objecting to a four-level sentencing enhancement under the United States Sentencing Guidelines for possessing a firearm in connection with another felony offense. His second claim faults counsel for failing to file a motion challenging a search warrant that was based on the statements of an informant. In his amended motion, he adds an allegation that counsel should also have challenged the search warrant because it and its supporting affidavit were unsworn and unsigned.

**Discussion**

Both of Petitioner's claims rely on allegations of ineffective assistance of counsel. In order to prove this, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing, a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18

F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Petitioner's first claim is that his attorney incorrectly advised him to accept a factual basis that later precluded him from challenging a four-level increase in his sentencing level based on the possession of the firearm in connection to another felony offense (drug trafficking). The factual basis stated that when Petitioner's house was searched, he was located packaging cocaine in one of the bedrooms. A shotgun was located in the same bedroom (docket no. 12). This gun was later the basis for Petitioner's conviction and the four-level increase. (PSR ¶ 10.) Petitioner does not dispute these basic facts even now, but he only argues that the gun was in a closet, was not loaded, and was not particularly near him. Therefore, he concludes that it was not possessed "in connection" with his drug dealing. The difficulty for Petitioner is that nothing in the factual basis would have precluded his attorney from making that argument at sentencing or on appeal. Therefore, counsel did not err in advising Petitioner to accept the factual basis as entered and did not prejudice him by removing a potential sentencing argument.

Petitioner likewise appears to fault counsel for failing to object to the four-level increase at sentencing. This incarnation of his claim also fails. As counsel explains in an affidavit attached as an exhibit to Respondent's response brief (docket no. 51, ex. A at 1-2), Petitioner's sentencing range was not affected by the four-level

increase because he was classified at sentencing as an Armed Career Criminal based on his prior record. Petitioner's sentencing level, as calculated using the four-level firearm enhancement, was 28. The alternative range, as calculated with the Armed Career Criminal enhancement, was 34. This higher range was the one used at Petitioner's sentencing. (PSR ¶¶ 14-15.) Therefore the four-level enhancement had no effect on Petitioner's sentence. His attorney did not fail to properly represent him by not making a futile objection and, in any event, could not have prejudiced him. Petitioner's first claim for relief should be denied.

Turning now to Petitioner's second claim, he initially alleged that counsel should have challenged the search warrant that was used to search his residence because the warrant was based on informant "hearsay." The claim is really nothing more than a vague and conclusory allegation that the warrant should have been challenged in hopes that some problems with the informant's statements could arise. This is not sufficient to state a claim. More important, an examination of the warrant, which is attached as an exhibit to Respondent's response brief, reveals that Petitioner's characterization of the warrant is highly inaccurate. The affidavit supporting the warrant states that the investigation began with an anonymous complaint that marijuana was being sold from Petitioner's residence and that there was a high volume of foot and vehicle traffic at all times of the day, with visitors staying only a short time. The police officer who obtained the warrant personally observed this traffic, which was consistent with the sale of narcotics. Then, the

officer used a confidential informant, who was known to him and who had previously given credible and reliable information, to further investigate. The informant reported that he or she had seen Petitioner selling and possessing marijuana many times in the past and had personally observed Petitioner possessing and selling marijuana in the residence in question during the 48 hours prior to the warrant being requested (docket no. 51, ex. B). To be sure, the warrant was well-supported. Petitioner has put forth no possible argument that could have been used to challenge all of the information that is in the affidavit.

In Petitioner's amendment of his second claim, he alters his argument to state that his attorney should have challenged the warrant because neither it nor the supporting application were sworn, signed, or dated. The copy of the warrant produced by Respondent, which is marked as being a true copy of the warrant on file with the Clerk of Superior Court in Stanly County, is properly signed, sworn, and dated. Petitioner states that the copy he was provided following a Freedom of Information Request to the Federal Bureau of Investigation (FBI) was not sworn, signed, or dated. He argues that an evidentiary hearing is needed to determine the difference between the copy he received and the copy Respondent has provided. This is incorrect. The warrant was obtained in Stanly County by an officer with the Albemarle Police Department. It was not obtained by the FBI. Naturally, the official signed copies of the warrant were stored with the Clerk of Superior Court in Stanly County. It appears that the FBI file contained only an unofficial and unsigned copy.

There is no suggestion of anything unusual or improper. Nor is there any evidence that a challenge to the warrant would have succeeded in light of the Stanly County documentation. In the end, Petitioner has provided no valid basis upon which his attorney could have filed a motion to suppress. In fact, as Petitioner's attorney explains, a strategic decision was made not to contest the case, but to pursue an alternate strategy which ultimately worked to reduce Petitioner's sentence (docket no. 51, ex. A at 1). Petitioner has not shown that his attorney did not act reasonably in making this choice rather than pursuing a meritless motion to suppress. He also cannot show prejudice. His second claim for relief should be denied.

**IT IS THEREFORE ORDERED** that Petitioner's motion to amend (docket no. 50) is **GRANTED**.

**IT IS RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 46), as amended, be **DENIED** and that Judgment be entered dismissing this action.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, N.C.
May 9, 2011